IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKEY FRANKLIN HOLMES, ) | | |
| ID # 594277, ) | | |
|     Plaintiff, ) | | |
| vs. ) | No. 3:10-CV-1828-N-BH | |
| ) | | |
| RISSIE OWENS, et al., ) | | |
|     Defendants. ) | Referred to U.S. Magistrate Judge | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management.

### I. BACKGROUND

Plaintiff filed this action under 42 U.S.C. § 1983 against Rissie Owens, the head of the Parole Board; Hearing Officer Jeff Dombrosky; Supervising Parole Officer Kesha Taylor; and Rick Thaler, Director of the Texas Department of Criminal Justice ("TDCJ"). (Compl. at 1, 3; attached Mem. Law at 1-2; Answers to Magistrate Judge's Questionnaire ("MJQ"),[1] Ans. 1-4.)

Plaintiff was on mandatory supervision when he was arrested in December 2009 on a pre-revocation warrant. (*See id.* at 4; Hearing Report, attached to MJQ.) At his revocation hearing on December 21, 2009, the parole and hearing officers recommended that Plaintiff be sent to the Bill Baten Unit of TDCJ, an Intermediate Sanction Facility ("ISF"). (Compl. at 4; MJQ, Ans. 2, 3, and 6; Hearing Report; Admin. Release Hearing Report, attached to MJQ.) Plaintiff was sent to the Bill Baten Unit, where he spent 188 days. (Compl. at 6[2]; MJQ, Ans. 4-5.) He is currently a "releasee"

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[2] The continuation page attached to Plaintiff's complaint is referred to as page six.

in a halfway house in Dallas, Texas.[3]

Plaintiff claims that his confinement in the Baten Unit constituted false imprisonment and violated his due process rights. (Compl. at 6; MJQ, Ans. 4-5.) He sues the parole and hearing officers for recommending his placement in the ISF, and he sues Owens and Thaler solely based on their positions of authority over the Parole Board and TDCJ. (MJQ, Ans. 1-4.) Plaintiff seeks monetary damages for pain and suffering and to enjoin the Parole Board from sending anyone to an ISF. (MJQ, Ans. 7.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

As a releasee in a half-way house, Plaintiff is a prisoner for purposes of the Prison Litigation Reform Act ("PLRA"). *See Jackson v. Johnson*, 475 F.3d 261, 266-67 (5th Cir. 2007) (per curiam) (holding that placement in a halfway house makes the person a prisoner within meaning of PLRA). As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of part or all of the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on

---

[3] "'Releasee' means a person released on parole or to mandatory supervision." Tex. Gov't Code Ann. § 508.001(9) (Vernon 2004). Inmates released on parole or mandatory supervision are "under the supervision of the pardons and paroles division." *Id.* § 508.001(5) and (6). Inmates released to mandatory supervision are considered to be on parole." *Jackson v. Johnson*, 475 F.3d 261, 264 n.1 (5th Cir. 2007) (per curiam) (citing Tex. Gov't Code Ann. § 508.147(b)).

an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III. SECTION 1983

Plaintiff seeks injunctive and monetary relief under 42 U.S.C. § 1983. That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

#### A. **Parole and Hearing Officers**[4]

Plaintiff seeks monetary damages against the parole and hearing officers based on their recommendations that he be placed in an ISF. (*See* MJQ, Ans. 2, 3.)

"Parole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers." *Littles v. Bd. of Pardons & Paroles*

---

[4] Plaintiff's claims could be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Morrison v. Brown*, 199 F.3d 438, 1999 WL 1067613, at *1 (5th Cir. 1999). *Heck* provides that a § 1983 plaintiff who seeks to recover damages for allegedly unconstitutional conviction, imprisonment or other unlawful action that render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. 512 U.S. at 486-87. Because the issues in this case are appropriate for early and final determination, determination of whether *Heck* bars Plaintiff's claims is not required. *See Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court should determine that issue as early in the proceedings as possible to the extent it is feasible to do so).

*Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam). They also enjoy absolute immunity for actions taken when personally participating in the revocation hearing. *McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) (per curiam); *see also Woods v. Chapman*, 239 F. App'x 35, 37 (5th Cir. 2007) (per curiam) (parole officials were absolutely immune from suit for damages arising from proceedings to revoke or change conditions of parole). "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995) (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)).

Citing *Dawson v. Newman*, 419 F.3d 656 (7th Cir. 2005), Plaintiff argues that the officers are not entitled to immunity because they failed to investigate his entitlement to release from the ISF as part of their normal duties. (*See* Mem. Law at 1.) The *Dawson* court found that parole officers were not entitled to absolute immunity based on their failure to investigate a claim that the parolee should not be on parole at all, which should have been investigated "in the ordinary course of performing their everyday duties as parole officials." 419 F.3d at 662. Plaintiff doesn't contend that he should have been released from mandatory supervision completely, however, only that he should have been released from a *condition* of his mandatory supervision. *See Morrison v. Brown*, 199 F.3d 438, 1999 WL 1067613, at *1 (5th Cir. 1999) (placement in an ISF is only a change in the conditions of release on parole); *Woods v. Chapman*, No. 4:04-CV-405-Y, 2006 WL 560714, at *3 (N.D. Tex. Mar. 7, 2006) ("the imposition of ISF housing as an additional condition of parole"), *aff'd*, 239 F. App'x 35 (5th Cir. 2007). Because the officers are absolutely immune for the recommendations they made at Plaintiff's revocation hearing, his claims against them should be

4

dismissed.[5]

## B. Supervisors

Plaintiff seeks monetary damages against Owens and Thaler because of their supervisory roles as the head of the Parole Board and Director of TDCJ, respectively. (*See* MJQ, Ans. 1, 4.)

To prevail against a supervisor under § 1983, a plaintiff must show that (1) the supervisor's conduct directly caused a constitutional violation or (2) the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). There must be some showing of personal involvement by a particular individual defendant to prevail against him. *Id.*

Plaintiff concedes that Owens and Thaler were not personally involved in any alleged constitutional violation, (*see* MJQ, Ans. 1, 4), and neither the complaint nor the answers to the MJQ allege that they directly or indirectly caused any alleged constitutional violation or were deliberately indifferent to a violation of Plaintiff's constitutional rights. Nor does Plaintiff identify any policy that impinged his constitutional or federally protected rights. Because his claims are based solely on their supervisory roles, Plaintiff fails to state a plausible claim against against Owens and Thaler.[6]

## C. Injunctive Relief

Plaintiff also claims that placement in an ISF is unconstitutional and seeks to enjoin the

---

[5] To the extent that Plaintiff sues the officers in their official capacities for monetary damages, they are immune under the Eleventh Amendment. *See Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000) (Eleventh Amendment provides states immunity from private suits for monetary damages in federal court); *Mayfield v. Tex. Dep't Crim. J.*, 529 F.3d 599, 604 (5th Cir. 2008) (TDCJ and its employees are immune to monetary damages).

[6] These defendants are also immune from any official capacity claims against them for monetary damages. *See Cotton v. Tex. Dep't Crim. J.*, 35 F.3d 560, 1994 WL 500031, at *1 (5th Cir. 1994) (Texas Parole Board members sued in their official capacities are immune under the Eleventh Amendment) (citing *Walter v. Torres*, 917 F.2d 1379 (5th Cir. 1990)).

Parole Board from sending anyone to an ISF. (*See* MJQ, Ans. 7.)[7]

The Texas Board of Pardons and Parole "is authorized to require confinement in an ISF as a condition of release on parole" or mandatory supervision. *Ex parte Adams*, 941 S.W.2d 136, 137 (Tex. Crim. App. 1997) (en banc); *accord Ex parte McCurry*, 175 S.W.3d 784, 785 n.1 (Tex. Crim. App. 2005) (recognizing that Texas law permits a wide-range of conditions for mandatory supervision, including serving time in a community corrections facility). To the extent that Plaintiff seeks injunctive relief for anyone other than himself, the request fails to state a claim upon which relief may be granted. *See Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977) (holding that a plaintiff may only bring a § 1983 action for deprivations he himself has suffered); *Green v. State*, No. 3:01-CV-0060-D, 2001 WL 548899, at *1 (N.D. Tex. May 21, 2001) (accepting findings and recommendation that cites *Owens* for same proposition). Any request to enjoin the Parole Board from placing Plaintiff in an ISF in the future is "in essence just a challenge to his conditions of parole" that should be properly pursued in a habeas proceeding. *Woods*, 239 F. App'x 35, 37 (5th Cir. 2007) (per curiam).[8] Likewise, any challenge to the constitutionality of this condition of mandatory release should also be pursued in a habeas proceeding. *See Coleman v. Dretke*, 395 F.3d 216, 219 n.2 (5th Cir. 2004) (rejecting argument that challenge to constitutionality of parole conditions should have been brought under 42 U.S.C. § 1983 instead of habeas statute).

---

[7] Because Plaintiff seeks prospective injunctive relief against the "Parole Board", (*see* MJQ, Ans. 7), this claim is liberally construed as a claim against Owens in her official capacity as head of the Parole Board. *See Mayfield v. Tex. Dep't Crim. J.*, 529 F.3d 599, 604-05 (5th Cir. 2008) (liberally construing claim for prospective injunctive relief as an official capacity claim). An official capacity claim against an individual who is an agent of an entity is a claim against the entity. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The Eleventh Amendment does not bar official capacity suits for prospective injunctive relief. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

[8]

Because Plaintiff has stated no viable § 1983 claim for injunctive relief, his request for prospective injunctive relief should be dismissed.

## IV. RECOMMENDATION

The Court should summarily **DISMISS** Plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[9]

**SIGNED this 10th day of November, 2010.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[9] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.